Form 2500A (Rev. 12/15)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:
    JOEL LANCE LADNER and DANA ANN LADNER      CASE NO. 18−51258−KMS

    DEBTORS.      CHAPTER 13

JOEL LANCE LADNER      PLAINTIFFS

    v.      ADV. PROC. NO. 26−06001−KMS

Blue World Pools, Inc.      DEFENDANT

**SUMMONS IN AN ADVERSARY PROCEEDING**

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

    Address of the clerk:      Danny L. Miller, Clerk of Court
     Dan M. Russell, Jr. U.S. Courthouse
     2012 15th Street, Suite 244
     Gulfport, MS 39501

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

    Name and Address of Plaintiff's Attorney:      Thomas Carl Rollins, Jr., Esq.
     The Rollins Law Firm, PLLC
     PO BOX 13767
     Jackson, MS 39236

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Date: January 6, 2026



Danny L. Miller, Clerk of Court

By: /s/Sommer Wuest, Deputy Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Joel Lance Ladner                                   Case No. 18-51258-KMS
            Dana Ann Ladner, Debtors                              CHAPTER 13

Joel Lance Ladner
Dana Ann Ladner, Plaintiffs

v.                                                                            AP No.  26-06001-KMS

**Blue World Pools, Inc., Defendant**

## Complaint for Contempt and Damages for Willful Violation of the Discharge Injunction

### Jurisdiction and Venue

1. This adversary proceeding arises under Title 11 of the United States Code and concerns the enforcement of the discharge injunction issued by this Court in the Debtors' Chapter 13 case. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157, and this matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This Court has both statutory and inherent authority under 11 U.S.C. §§ 105(a) and 524(a)(2) to enforce its discharge order and to impose sanctions for contempt.

### Parties

2. Plaintiffs Joel Lance Ladner and Dana Ann Ladner (the "Debtors") are individuals who filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in this Court.

3. Defendant Blue World Pools, Inc. ("Blue World") is a creditor that was listed in the Debtors' bankruptcy schedules, received notice of the case, filed a proof of claim, and actively participated in the Chapter 13 process.

## Factual Allegations

4. The Debtors commenced this Chapter 13 case on June 29, 2018, seeking to reorganize their debts and obtain a fresh start under the Bankruptcy Code. Blue World was properly listed as a creditor and received notice of the filing. In response, Blue World filed a proof of claim asserting a secured claim based solely on a UCC lien, not a lien against any real property owned by the Debtors.

5. The Debtors proposed a Chapter 13 plan that expressly provided for Blue World's claim as a secured claim pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012, with the collateral identified and a specific secured claim amount set forth in the plan. Blue World did not object to confirmation of the plan. On September 25, 2018, this Court entered an order confirming the Chapter 13 plan, thereby fixing the treatment of Blue World's claim. Blue World's secured claim was paid through the Chapter 13 plan in accordance with that confirmed treatment.

6. After the Debtors completed their plan obligations, this Court entered an Order of Discharge on July 17, 2023, pursuant to 11 U.S.C. § 1328(a). The discharge order enjoined all creditors, including Blue World, from attempting to collect any discharged debt from the Debtors personally, as provided in 11 U.S.C. § 524(a)(2). Blue World received notice of the discharge through the Bankruptcy Noticing Center.

7. In addition to formal notice through the Court, Debtors' counsel sent multiple written letters to Blue World after entry of the discharge. These letters expressly advised Blue World that its debt had been discharged, that any attempt to collect the debt violated the discharge injunction, and that continued collection activity could subject Blue World to sanctions,

damages, and attorney's fees. Despite receiving these notices and warnings, Blue World failed and refused to cease its collection efforts.

8. Beginning no later than August 2025, and continuing thereafter, Blue World initiated and carried out a campaign of post-discharge collection activity directed at the Debtors. Over this period, Blue World sent approximately twenty-five text messages directly to the Debtors demanding payment on the discharged debt. These messages repeatedly characterized the account as "delinquent," demanded immediate payment, and threatened "pre-legal lien enforcement" if payment was not made.

9. The text messages were sent directly to the Debtors, not to their counsel, despite Blue World's knowledge that the Debtors were represented and that the debt had been discharged. The messages went further by threatening lien enforcement against the Debtors' real estate, even though Blue World's proof of claim asserted only a UCC lien, the secured claim had been paid through the confirmed plan, and no surviving personal liability existed after discharge. Blue World had no objectively reasonable basis to believe that it retained any right to collect the debt or threaten lien enforcement following the entry of the discharge order.

## Violation of the Discharge Injunction

10. The discharge entered in this case operates as a permanent injunction against any act to collect, recover, or offset a discharged debt as a personal liability of the Debtors. Blue World had actual knowledge of the bankruptcy case, the confirmed plan, the payment of its secured claim, and the entry of the discharge order. Nevertheless, Blue World knowingly and intentionally engage in repeated and coercive acts to collect a discharged debt, including demands for payment and threats of lien enforcement.

11. Under the standard articulated by the United States Supreme Court in Taggart v. Lorenzen, there was no fair ground of doubt as to whether the discharge injunction applied to Blue World's claim. Blue World's actions therefore constitute contempt of this Court's discharge order and a willful violation of 11 U.S.C. § 524(a)(2).

**Damages**

12. As a direct and proximate result of Blue World's willful violation of the discharge injunction, the Debtors have suffered actual damages. Blue World's repeated threats of lien enforcement against the Debtors' home caused significant emotional distress, including anxiety, fear that an improper lien would be placed against their real property, disruption of sleep, and ongoing stress associated with the threatened loss of property rights. These threats were particularly distressing given Blue World's insistence that immediate action was required to avoid further legal consequences.

13. Debtors are financing the construction of a home and have lived in fear that this alleged lien could cause their financing to fall through.

14. Blue World's conduct also required the Debtors to incur attorney's fees and expenses to investigate the violations, respond to Blue World's unlawful collection efforts, send cease-and-desist correspondence, and prepare and prosecute this action to enforce the discharge injunction. The Debtors have incurred, and continue to incur, attorney's fees and costs as a direct result of Blue World's misconduct.

WHEREFORE, the Debtors respectfully request that the Court enter judgment in their favor and grant relief determining that Blue World Pools, Inc. is in contempt of court for willful violation of the discharge injunction; permanently enjoining Blue World from any further

attempts to collect the discharged debt from the Debtors or their family members; awarding compensatory damages for the emotional distress suffered by the Debtors; awarding attorney's fees and costs incurred as a result of Blue World's misconduct; imposing coercive and/or punitive sanctions sufficient to deter future violations of the discharge injunction; and granting such other and further relief as the Court deems just and proper

Dated this January 5, 2026.

    Respectfully Submitted,
    /s/ Thomas C. Rollins, Jr.
    Thomas C. Rollins, Jr. (MSBN 103469)
    Jennifer Ann Curry Calvillo (MSBN 104367)
    The Rollins Law Firm
    P.O. Box 13767
    Jackson MS 39236
    Tel: 601-500-5533
    Fax: 501-500-5296
    jennifer@therollinsfirm.com
    trollins@therollinsfirm.com

Form 2500A

26–06001–KMS

# CERTIFICATE OF SERVICE

I, __Kerri Rodabough__ (name), certify that service of this summons and a copy of the complaint was made __January 8, 2026__ date) by:

(√) Mail service: Regular, first class United States mail, postage fully pre–paid, addressed to:

Blue World Pools, INC., 120 Interstate N. Parkway East #426, Atlanta GA 30339
Blue World Pools, INC., 2533 N Carson Street, Ste 4925, Carson City NV 89706
Blue Whirl Pools , INC., 10859 Emeral Coast Pkwy, W4-101, Destin FL 32550

( ) Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

( ) Residence Service: By leaving the process with the following adult at:

( ) Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

( ) Publication: The defendant was served as follows: [Describe briefly]

( ) State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date __January 8, 2026__   Signature __/s/ Kerri Rodabough__

Print Name: __Kerri Rodabough__

Business Address: __P.O. Box 13767__
__Jackson, MS 39236__

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

JOEL LANCE LADNER
DANA ANN LADNER

CASE NO: 18-51258

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 1/8/2026, I did cause a copy of the following documents, described below,

Summons

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 1/8/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 18-51258 |
|---|---|
| JOEL LANCE LADNER<br>DANA ANN LADNER | **CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br>Chapter: 13 |

On 1/8/2026, a copy of the following documents, described below,

Summons

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 1/8/2026

_____

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

```
FIRST CLASS                          FIRST CLASS                          FIRST CLASS

BLUE WORLD POOLS, INC.,              BLUE WORLD POOLS, INC.,              BLUE WORLD POOLS, INC.,
120 INTERSTATE N. PARKWAY EAST #426  2533 N CARSON STREET, STE 4925       859 EMERAL COAST PKWY, W4-101
ATLANTA GA 30339                     CARSON CITY NV 89706                 DESTIN  FL 32550
```